1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | JONATHAN L. WOLFF
Supervising Deputy Attorney General
5 | SARA UGAZ, State Bar No. 239031
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5716
Fax: (415) 703-5843
8 | Email: Sara.Ugaz@doj.ca.gov

9 | Attorneys for Defendants R. Horel, R. Rice, D.
Hawkes, M. Pena, R. Moore, K. McGuyer, C.
10 | Scavetta, and G. Kelly

**ORIGINAL**

**E-filing**

11

12 | IN THE UNITED STATES DISTRICT COURT **SI**

13 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 | **CV 07 6060**

15 | **JACK L. MORRIS,** | Case No. _____

16 | Plaintiff, | (Del Norte County Superior
Court, Case No. CVP1 07-1388)

17 | v.

18 | **ROBERT A. HOREL, WARDEN, et al.,** | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)**

19 | Defendants.

20

21 | TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF:

22 | PLEASE TAKE NOTICE that Defendants R. Horel, R. Rice, D. Hawkes, M. Pena, R.

23 | Moore, K. McGuyer, C. Scavetta, and G. Kelly (Defendants) remove to this Court the state court

24 | action described below:

25 | 1.  On August 20, 2007, Plaintiff Jack L. Morris (Plaintiff), a state prisoner, commenced a

26 | civil suit in the Superior Court of the State of California, Del Norte County, entitled *Jack L.*

27 | *Morris v. Robert A. Horel, Warden et al.*, Case No. CVP1-07-1388. In Plaintiff's Complaint, he

28 | alleges that on July 26, 2006, Defendant Hawkes issued him a Rules Violation Report for

Not. Removal | *J. Morris v. Horel, et al.*
Case No. _____

1

1 | unauthorized business dealings while he was incarcerated in Pelican Bay State Prison. (Compl.
2 | 3(a).) The Rules Violation Report contained the names, prison numbers, and prison gang
3 | affiliations of Plaintiff and of nine other inmates who were also accused of unauthorized business
4 | dealings and issued identical Rules Violation Reports. (*Id.*) Plaintiff alleges that the disclosure
5 | of his private biographical information to the nine other inmates violates his right to privacy
6 | under the "California Constitution Art. I § 1, and the U.S. Const. Fourteenth Amendment Due
7 | Process and Equal Protection." (*Id.*)

8 | Plaintiff also alleges that Defendant D. Hawkes acted with "general negligence" because he
9 | failed to redact his private biographical information from the nine other Rules Violation Reports.
10 | (*Id.*) Plaintiff alleges that Defendants R. Moore and M. Pena were also negligent and violated
11 | several California Civil Code statutes because they should have corrected Defendant Hawkes'
12 | mistake. (Compl. 3(b)-3(c).) Plaintiff also alleges that Defendants R. Horel, R. Rice, D.
13 | Hawkes, M. Pena, R. Moore, K. McGuyer, C. Scavetta, and G. Kelly are "subject to vicarious
14 | liability for CDCR employee [sic] negligent acts." (*Id.* at 3(e).)

15 | Plaintiff seeks compensatory damages, punitive damages, and declaratory and injunctive
16 | relief. (*Id.* at 3(i).)

17 | 2. On November 6, 2007, Defendants R. Horel, R. Rice, D. Hawkes, M. Pena, R. Moore,
18 | K. McGuyer, and G. Kelly were served at Pelican Bay State Prison with copies of the Summons
19 | and Complaint. This was the first date any Defendant was served with the Summons and
20 | Complaint. Defendant C. Scavetta was subsequently served in Vacaville, California.

21 | 3. Under 28 U.S.C. § 1331, this civil action is within the original jurisdiction of this
22 | Court. Defendants may remove this case to this Court under 28 U.S.C. § 1441(b) because
23 | Plaintiff alleges that Defendants violated his rights under the Fourteenth Amendment to the
24 | United States Constitution and his right to Equal Protection.

25 | 4. All served Defendants join in this Notice of Removal.

26 | 5. Under 28 U.S.C. § 1446(a), attached is the state-court file in this case, as served on
27 | Defendants:

28 | ///

| 1 | | a. | Exhibit A: | Complaint, August 20, 2007 |

| 2 | | b. | Exhibit B: | Summons, dated August 20, 2007 |

3

4        Dated: November 29, 2007

5                          Respectfully submitted,

6                          EDMUND G. BROWN JR.
                           Attorney General of the State of California

7                          DAVID S. CHANEY
                           Chief Assistant Attorney General
8
                           FRANCES T. GRUNDER
9                          Senior Assistant Attorney General

                           JONATHAN L. WOLFF
10                         Supervising Deputy Attorney General

11

12                         Sara Ugaz

13
                           SARA UGAZ
14                         Deputy Attorney General
                           Attorneys for Defendants R. Horel, R. Rice, D. Hawkes, M. Pena,
15                         R. Moore, K. McGuyer, C. Scavetta, and G. Kelly

16

17  40191571.wpd
    SF2007403142
18

19

20

21

22

23

24

25

26

27

28

Not. Removal                                                    *J. Morris v. Horel, et al.*
                                                                Case No. _____

3

# EXHIBIT A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
JACK L. MORRIS, CDCR I.D. NO. C-06409
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA. 95531.7500
TELEPHONE NO.: N/A          FAX NO.: N/A
ATTORNEY FOR (Name): IN PRO PER

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
STREET ADDRESS: 450 H STREET, ROOM 209
MAILING ADDRESS: 450 H STREET, ROOM 209
CITY AND ZIP CODE: CRESCENT CITY, CA. 95531
BRANCH NAME: DEL NORTE COUNTY SUPERIOR COURT

CASE NAME: JACK L.MORRIS V. ROBERT A. HOREL, WARDEN, et al.,

**RECEIVED**

AUG 20 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CVPI-07-1388 |
| | | | | JUDGE:  DEPT.: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☒ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: 3   (GENERAL NEGLIGENCE ; RESPONDEAT SUPERIOR ; INJUNCTIVE RELIEF)
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8-2-07
JACK L MORRIS
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

JACK L. MORRIS, CDCR I.D. No. C-06409
PELICAN BAY STATE PRISON
P.O. BOX 7500
CRESCENT CITY, CA. 95531.7500

TELEPHONE NO.: N/A   FAX NO.*(Optional)*: N/A

E-MAIL ADDRESS *(Optional)*: N/a

ATTORNEY FOR *(Name)*: IN PRO PER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE**

STREET ADDRESS: 450 H STREET, ROOM 209
MAILING ADDRESS: 450 H STREET, ROOM 209
CITY AND ZIP CODE: CRESCENT CITY, CA 95531
BRANCH NAME: DEL NORTE COUNTY SUPERIOR COURT

PLAINTIFF: JACK L. MORRIS

DEFENDANT: ROBERT A. HOREL, WARDEN, et al.,

☐ DOES 1 TO

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☐ **AMENDED** *(Number)*:

Type *(check all that apply)*:
☐ **MOTOR VEHICLE**   ☐ **OTHER** *(specify)*:
☐ **Property Damage**   ☐ **Wrongful Death**
☒ **Personal Injury**   ☐ **Other Damages** *(specify)*:

**FOR COURT USE ONLY**

ENDORSED FILED

AUG 20 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

**Jurisdiction** *(check all that apply)*:
☐ **ACTION IS A LIMITED CIVIL CASE**
   **Amount demanded** ☐ **does not exceed $10,000**
   ☐ **exceeds $10,000, but does not exceed $25,000**
☒ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
☐ **ACTION IS RECLASSIFIED by this amended complaint**
   ☐ **from limited to unlimited**
   ☐ **from unlimited to limited**

CASE NUMBER:

CVPI-07-1388

1. **Plaintiff** *(name or names)*: JACK L. MORRIS

   alleges causes of action against **defendant** *(name or names)*: ROBERT A. HOREL; C.M. SCAVETTA; G.A. KELLY; K. McGUYER; M. PEÑA; R. RICE; D. HAWKES; AND R. MOORE

2. This pleading, including attachments and exhibits, consists of the following number of pages: **37**

3. Each plaintiff named above is a competent adult — YES
   a. ☐ **except** plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

   b. ☐ **except** plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]   Martin Dean's ESSENTIAL FORMS™
**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

SHORT TITLE:
JACK L. MORRIS VS. ROBERT A. HOREL, WARDEN, et al.,

4. ☒ Plaintiff *(name)*: JACK L. MORRIS
   is doing business under the fictitious name *(specify)*: N/A

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person − YES

   a. ☐ **except** defendant *(name)* :

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)* :

   (4) ☐ a public entity *(describe)* :

   (5) ☐ other *(specify)* :

   c. ☐ **except** defendant *(name)* :

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)* :

   (4) ☐ a public entity *(describe)* :

   (5) ☐ other *(specify)* :

   b. ☐ **except** defendant *(name)* :

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)* :

   (4) ☐ a public entity *(describe)* :

   (5) ☐ other *(specify)* :

   d. ☐ **except** defendant *(name)* :

   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe)* :

   (4) ☐ a public entity *(describe)* :

   (5) ☐ other *(specify)* :

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☐ Doe defendants *(specify Doe numbers)*: _____ were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☐ Doe defendants *(specify Doe numbers)*: _____ are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☑ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☑ other *(specify)*: EVERY ELEMENT OF THIS ACTION OCCURRED IN ITS JURISDICTIONAL AREA.

9. ☑ Plaintiff is required to comply with a claims statute, **and**
   a. ☑ has complied with applicable claims statutes, EXHAUSTED CAL. VIC. COMP. & GOV. Bd. CLAIM ON FEB. 22, 2007,
   b. ☐ is excused from complying because *(specify)*. PLAINTIFF RECEIVED NOTICE OF REJECTION MARCH 8, 2007.

**COMPLAINT-Personal Injury, Property
Damage, Wrongful Death**

Martin Dean's
ESSENTIAL FORMS™

SHORT TITLE: *JACK L. MORRIS VS. ROBERT A. HOREL, WARDEN, et al.*

CASE NUMBER: *CVPI-07-1388*

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

    a. ☐ Motor Vehicle

    b. ☒ General Negligence *(PLEASE SEE ATTACHMENT 10, PAGES 3(a) - 3(d))*

    c. ☐ Intentional Tort

    d. ☐ Products Liability

    e. ☐ Premises Liability

    f. ☒ Other *(specify)*: *RESPONDEAT SUPERIOR VICARIOUS LIABILITY (PLEASE SEE ATTACHMENT 10, PAGE 3(e))*

    g. ☒ OTHER *(SPECIFY)*: *DECLATORY AND INJUNCTIVE RELIEF (PLEASE SEE ATTACHMENT 10, PG.3(f)-3(h))*

11. Plaintiff has suffered

    a. ☐ wage loss

    b. ☐ loss of use of property

    c. ☐ hospital and medical expenses

    d. ☑ general damage

    e. ☐ property damage

    f. ☐ loss of earning capacity

    g. ☐ other damage *(specify)*:

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

    a. ☐ listed in Attachment 12.

    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court. *YES*

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

    a. (1) ☒ compensatory damages

        (2) ☒ punitive damages     *(PLEASE SEE ATTACHMENT No. 14 AT PG.3(i) OF 3)*

    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:

    (1) ☐ according to proof

    (2) ☐ in the amount of: $ *250,000 ºº*

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*: *8,9,10,11,12,13,14,15,16*

Date: *8-2-07*

*Jack L. Morris*
(TYPE OR PRINT NAME)

▶ *Jack L. Morris*
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

ATTACHMENT NO. 10: GENERAL NEGLIGENCE

1. ON JULY 26, 2006, DEFENDANT D. HAWKES, CORRECTIONAL COUNSELOR II ("CC II"), PELICAN BAY STATE PRISON ("PBSP"), OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND RE-HABILITATION ("CDCR"), ISSUED A CDCR 115 RULE VIOLATION REPORT ("RVR") TO A TOTAL OF TEN INDIVIDUAL AND SEPARATE PBSP INMATES INCLUDING BUT NOT LIMITED TO PLAINTIFF. THE SPECIFIC CHARGE LISTED ON THE RVR WAS UNAUTHORIZED BUSINESS DEALINGS WHICH VIOLATES CALIFORNIA CODE OF REGULATIONS ("CCR"), TITLE 15 § 3024(a). (EXHIBIT A, PG. 1, COPY OF 7.26.06 CDCR 115 RVR, ATTACHED AND INCORPORATED BY REFERENCE HEREIN.) DEFENDANT D. HAWKES ACTED WITH GENERAL NEGLIGENCE UNDER CAL.CIV. CODE §1714 WHEN HE BREACHED MANDATORY DUTIES AS OUTLINED IN CCR TITLE 15 § 3402 (a) (2006), CAL. CIV. CODE §§ 1798.21, 1798.24, AND 1798.42 (2006). SPECIFICALLY, DEFENDANT D. HAWKES HAD A MANDATORY DUTY TO NOT DISCLOSE TO PERSONS WHO ARE NOT AUTHORIZED BY LAW AND DEPARTMENTAL POLICY AND PROCEDURES TO RECEIVE SUCH INFORMATION AS IS PRIVATE, CONFIDENTIAL, AND RESTRICTED INFORMATION CONTAINED WITHIN PLAINTIFF'S PRISON CENTRAL FILE ("C-FILE"), WHEN DEFENDANT D. HAWKES DRAFTED THE CDCR 115 RVR HE WROTE TEN IDENTICAL AND INDIVIDUAL RVR(S). (PLEASE SEE DECL. OF JACK L. MORRIS, PG. 2, P. 4-5; DECL. OF W. CASTRO, PG. 2, P. 5; DECL. R. MONTENEGRO, PG. 2, P. 4; AND DECL. G. RAMIREZ, PG. 2, P. 5, ATTACHED AND INCORPORATED BY REFERENCE AS EXH.B.) THE CONTENTS OF THE RVR(S) CONTAINED INFORMATION RELATED TO PLAINTIFF'S CLASSIFICATION AS ASSOCIATION TO THE MEXICAN MAFIA PRISON GANG. (EXH. A, PG. 2) THIS PRIVATE INFORMATION CAME FROM PLAINTIFF'S C-FILE AND DEFENDANT D. HAWKES NEGLIGENTLY DISCLOSED IT TO NINE SEPARATE AND INDIVIDUAL CDCR INMATES BY INCLUDING THIS PRIVATE INFORMATION IN ALL TEN IDENTICAL RVR(S). DEFENDANT D. HAWKES NEGLIGENT DISCLOSURES ALSO VIOLATES PLAINTIFF'S RIGHT TO PRIVACY UNDER THE CALIF. CONST. ART. I § 1, AND THE U.S. CONST. FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION. IN ADDITION TO THE ABOVE, DEFENDANT D. HAWKES IS LIABLE TO PLAINTIFF UNDER CAL. GOVT. CODE § 815.6, CAL. CIV. CODE 1798.48. D. HAWKES FAILED TO DELETE PLAINTIFF'S C-FILE CONTENTS FROM THE OTHER NINE RVR(S).

2. ON JULY 26, 2006, DEFENDANT R. MOORE, CORRECTIONAL SERGEANT, PBSP,

ATTACHMENT NO. 10 : GENERAL NEGLIGENCE (CONT.)

WAS THE REVIEWING SUPERVISOR WHO READ, REVIEWED AND APPROVED PLAINTIFF'S CDCR 115 RVR (EXH. A, PG. 1 ), AS WELL AS APPROXIMATELY 9 OTHER RVR(S) (DECL. MORRIS, C-06409, PG. 2, P. 6.) DEFENDANT R. MOORE KNEW OR SHOULD HAVE KNOWN THAT THE OTHER NINE INDIVIDUAL AND SEPARATE CDCR 115 RVR(S) CONTAINED PRIVATE, CONFIDEN- TIAL AND RESTRICTED INFORMATION RELATED TO PLAINTIFF'S CDCR CLASSIFICATION AS ASSOCIATION TO THE MEXICAN MAFIA WHICH HAD COME FROM THE CONTENTS OF PLAINTIFF'S PRISON C-FILE AND SHOULD NOT BE DISCLOSED TO OTHER INMATES. DEFEN- DANT R. MOORE HAD A MANDATORY DUTY UNDER CCR TITLE 15 3 3402(a) (2006), (CAL. CIV. CODE 3 1798. 21, 1798.24 (2006) TO NOT DISCLOSE THE CONTENTS OF PLAINTIFF'S C-FILE TO OTHER INMATES AS THEY ARE NOT AUTHORIZED BY LAW TO RECEIVE THIS INFORMATION. ADDITIONALLY, DEFENDANT R. MOORE HAD A MANDATORY DUTY UNDER CAL. CIV. CODE 3 1798.42 TO DELETE OR HAVE DELETED PLAINTIFF'S PERSONAL INFORMATION FROM THE OTHER NINE CDCR 115 RVR(S) ISSUED TO THE OTHER NINE INMATES PRIOR TO THE APPROVAL OF THE RVR(S) IN THEIR ORIGINAL FORM AND PRIOR TO BEING ISSUED TO THE OTHER NINE INMATES. DEFENDANT R. MOORE BREACHED HIS MANDATORY DUTIES DESCRIBED ABOVE BY APPROVING THE OTHER NINE RVR(S) IN THEIR ORIGINAL FORM WHICH RESULTED IN THE DISCLOSURE OF PLAINTIFF'S C-FILE CONTENTS TO NINE OTHER CDCR INMATES. THIS AMOUNTS TO GENERAL NEGLIGENCE UNDER CAL. CIV. CODE $ 1714 (2006) AND THE NEGLIGENT DISCLOSURES ALSO VIOLATE PLAINTIFF'S RIGHT TO PRIVACY SECURED BY THE CALIF. CONST. ART. I, 3 2, AND THE U.S. CONST. FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION. IN ADDITION TO THE ABOVE, DEFENDANT R. MOORE IS LIABLE TO PLAINTIFF UNDER CAL. GOVT. CODE 3 815.6, AND CAL. CIV. CODE $ 1798.48(2006.)

3. ON JULY 26, 2006, DEFENDANT M. PEÑA, CCII , PBSP, CLASSIFIED THE TEN INDIVIDUAL AND SEPARATE CDCR 115 RVR REFERENCED IN ABOVE PARAGRAPHS NO. 1 AND 2. (EXH. A, PG. 1 ; SEE ALSO, DECL. MORRIS, C-06409, PG. 2, P. 7.) AS SUCH, M. PEÑA READ AND REVIEWED EACH RVR BEFORE SHE ATTACHED A CLASSIFICATION TO IT. M. PEÑA

ATTACHMENT No. 10: GENERAL NEGLIGENCE (CONT.)

KNEW OR SHOULD HAVE KNOWN THAT THE OTHER NINE INDIVIDUAL AND SEPARATE RVR(S) UN-RELATED TO PLAINTIFF CONTAINED PRIVATE, CONFIDENTIAL, AND RESTRICTED INFOR-MATION RELATED TO PLAINTIFF'S CDCR CLASSIFICATION AS ASSOCIATION TO THE MEXI-CAN MAFIA WHICH HAD COME FROM THE CONTENTS OF PLAINTIFF'S PRISON C-FILE AND SHOULD NOT BE DISCLOSED TO OTHER INMATES. DEFENDANT M. PEÑA HAD A MANDATORY DUTY UNDER CCR TITLE 15 § 3902 (a) (2006), CAL. CIV. CODE §§ 1798. 21, 1798.24(2006)TO NOT DISCLOSE THE CONTENTS OF PLAINTIFF'S C-FILE TO OTHER INMATES AS THEY ARE NOT AUTHORIZED BY LAW TO RECEIVE THIS INFORMATION. ADDITIONALLY, PRIOR TO CLASSI-FYING THE RVR(S) IN THEIR ORIGINAL FORM, DEFENDANT M. PEÑA HAD A MANDATORY DUTY UNDER CAL. CIV. CODE § 1798. 42 (2006) TO DELETE OR HAVE DELETED PLAINTIFF'S PERSONAL INFORMATION FROM THE OTHER NINE RVR(S) BEFORE THEY WERE ISSUED TO THE OTHER NINE INMATES. DEFENDANT M. PEÑA BREACHED HER MANDATORY DUTIES DE-SCRIBED ABOVE BY CLASSIFYING THE OTHER NINE RVR(S) IN THEIR ORIGINAL FORM WITHOUT FIRST DELETING PLAINTIFF'S PRIVATE INFORMATION WHICH RESULTED IN THE DISCLOSURE OF PLAINTIFF'S C-FILE CONTENTS TO NINE OTHER CDCR INMATES. THIS AMOUNTS TO GENERAL NEGLIGENCE UNDER CAL. CIV. CODE § 1714 (2006) AND THE NEGLIGENT DISCLOSURES ALSO VIOLATES PLAINTIFF'S RIGHT TO PRIVACY SECURED BY THE CALIF. CONST. ART. I, § 1, AND THE U.S. CONST. FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION. IN ADDITION TO THE ABOVE, DEFENDANT M. PEÑA IS LIABLE TO PLAINTIFF UNDER CAL. GOVT. CODE § 815.6, AND CAL. CIV. CODE §1798.4B(2006).

4. AT NO TIME AND UNDER NO CIRCUMSTANCES HAS PLAINTIFF EVER AUTHO-RIZED (VERBALLY OR IN WRITING) THAT ANY NAMED DEFENDANT COULD DISCLOSE PLAINTIFF'S PRIVATE C-FILE INFORMATION TO ANY OTHER CDCR INMATE. PLAINTIFF'S RVR WAS ISSUED DUE TO HIS ALLEGED INDIVIDUAL ACTS. NO CONSPIRACY OR ATTEMPTED CONSPIRACY WAS CHARGED OR PROVEN, NOR EVIDENCE USED OF PRISON GANG CLASSIFI-CATION, AS IT WAS NOT THE BASIS OF THE MISCONDUCT. DEFENDANTS D. HAWKES, R. MOORE, AND M. PEÑA'S NEGLIGENT ACTS COMPROMISE AND JEOPARDIZE PLAINTIFF'S RIGHT TO

ATTACHMENT NO. 10: GENERAL NEGLIGENCE (CONT.)

PRIVACY AND SPECIFIC PRIVACY RELATED TO ANY ALLEGED PRISON GANG ASSOCIA-
TION. (DECL. MORRIS, C-06404, PG. 3, PARA. NO. 10 - 13, EXH. B.)

5. DEFENDANTS D. HAWKES, CCII, M. PEÑA, CCII, AND R. MOORE, CORRECTIONAL
SERGEANT, VIOLATED MANDATORY DUTIES UNDER CAL. CIV. CODE §§ 1798.20 AND 1798.21 (2006)
WHEN THEY FAILED TO ADHERE TO THE RULES OF CONDUCT AND SAFEGUARDS RELATED TO NOT
DISCLOSING PLAINTIFF'S PRIVATE C-FILE INFORMATION TO NINE OTHER CDCR IN-
MATES ON OR ABOUT JULY 26, 2006 AS PREVIOUSLY ALLEGED IN ABOVE PARAGRAPHS
NO. 1-4.

6. DEFENDANTS D. HAWKES, M. PEÑA, AND R. MOORE'S BREACH OF MANDATORY
DUTIES ALLEGED ABOVE UNDER CAL. CIV. CODE §§ 1798.20, 1798.21, 1798.24 AND 1798.42
ALLOWS PLAINTIFF A PRIVATE RIGHT OF ACTION AGAINST DEFENDANTS UNDER CAL.
CIV. CODE § 1798.45(c)(2006) DUE TO DEFENDANTS' BREACH OF MANDATORY DUTIES HAVING
AN ADVERSE IMPACT ON PLAINTIFF BY DISCLOSING PLAINTIFF'S PRIVATE C-FILE
CONTENTS TO NINE OTHER CDCR INMATES ON OR ABOUT JULY 26, 2006. LIABI-
LITY ATTACHES UNDER CAL. CIV. CODE § 1798.48.

///

//

SHORT TITLE:
JACK L. MORRIS vs. ROBERT A. HOREL, WARDEN, et al.,

CASE NUMBER: PLD-PI-001
CVPI-07-1388

ATTACHMENT NO. 10 (f): RESPONDEAT SUPERIOR VICARIOUS LIABILITY

7. PLAINTIFF REFERS TO AND INCORPORATES BY REFERENCE HEREIN THE ALLE-GATIONS OF PARAGRAPHS NO. 1-6, INCLUSIVELY.

8. PLAINTIFF BELIEVES AND THEREON ALLEGES, DEFENDANTS ROBERT A. HOREL, WARDEN, PBSP; C.M. SCAVETTA, ASSOCIATE WARDEN ("A.W."), PBSP; K. MCGUYER, CORREC-TIONAL CAPTAIN, PBSP; G.A. KELLY, CORRECTIONAL CAPTAIN, PBSP; R. RICE, CORRECTIONAL LIEUTENANT, PBSP; R. MOORE, CORRECTIONAL SERGEANT, PBSP; M. PEÑA, CCII PBSP; AND D. HAWKES, CCII, PBSP, ARE SUBJECT TO VICARIOUS LIABILITY FOR CDCR EMPLO-YEE NEGLIGENT ACTS ALLEGED ABOVE UNDER RESPONDEAT SUPERIOR CAL. GOVT. CODE § 815.2 (a) APPLICABLE TO CALIFORNIA TORT CLAIMS.

///

//

| SHORT TITLE:                                        | CASE NUMBER:       |
|-----------------------------------------------------|--------------------|
| JACK L. MORRIS vs. ROBERT A. HOREL, WARDEN. et al.  | CVPI-07-1388       |

PLD-PI-001

ATTACHMENT 10,(a): REQUEST FOR DECLATORY AND INJUNCTIVE RELIEF

9. PLAINTIFF REFERS TO AND INCORPORATES BY REFERENCE HEREIN THE ALLEGA-TIONS OF PARAGRAPH NO. 1-8, INCLUSIVELY.

10. PLAINTIFF BELIEVES AND THEREON ALLEGES, DUE TO DEFENDANTS VIOLATING PLAINTIFF'S RIGHT TO PRIVACY UNDER ALL THE AFOREMENTIONED CONSTITUTION SECTIONS, REGULATIONS, AND CAL. CIV. CODE §§ 1798.20, 1798.21, 1798.24, 1798.43, AND 1798.45 (c) (2006), PLAINTIFF IS ENTITLED TO INJUNCTIVE RELIEF UNDER CAL. CIV. CODE § 1798.47 (2006) TO ENJOIN DEFENDANTS FROM DISCLOSING PLAINTIFF'S PRIVATE, PER-SONAL AND CONFIDENTIAL C-FILE CONTENTS TO ANY PERSON NOT AUTHORIZED BY LAW TO RECEIVE THE INFORMATION.

11. PLAINTIFF BELIEVES AND THEREON ALLEGES, HE IS FACED WITH GREAT OR IR-REPARABLE INJURY. THE CONTINUED DEPRIVATION OF CONSTITUTIONAL RIGHTS CONSTI-TUTES IRREPARABLE HARM. ELROD V. BURNS. 427 U.S. 347 (1976). DEFENDANTS' CONDUCT OF DISCLOSING PRIVATE, PERSONAL AND CONFIDENTIAL INFORMATION TO PERSONS NOT AUTHORIZED BY LAW TO RECEIVE THE INFORMATION SHOULD NOT BE CONDONED UNDER ANY CIRCUMSTANCES. IN ADDITION TO THE CONTINUED DEPRIVATION OF MY CONSTI-TUTIONAL RIGHTS, OTHER GREAT OR IRREPARABLE HARM INCLUDES BUT IS NOT LI-MITED TO, OTHER CDCR INMATES BECOMING AWARE OF PLAINTIFF'S PRIVATE C-FILE CONTENTS. (DECL. MORRIS, C-06409, PG.4.)

12. PLAINTIFF BELIEVES AND ALLEGES, THE BALANCE OF HARDSHIPS FAVORS PLAIN-TIFF. PLAINTIFF SUFFERS THE DISCLOSURE OF HIS PRIVATE INFORMATION. DEFENDANTS WILL SUFFER NO HARDSHIP IF ENJOINED FROM CONTINUED DISCLOSURE OF PRIVATE AND NON-RELEVANT INFORMATION. WHICH WOULD ALSO BETTER SERVE PENALOGICAL INTERESTS. (ID. AT PG. 4.)

13. PLAINTIFF BELIEVES AND THEREON ALLEGES, HE HAS A GREAT LIKELIHOOD OF SUC-CESS ON THE MERITS AND DEFENDANTS HAVE NO LIKELIHOOD OF SUCCESS.

14. PLAINTIFF BELIEVES AND THEREON ALLEGES, THE RELIEF REQUESTED WILL SERVE THE PUBLIC INTEREST BY HAVING PRISON OFFICIALS OBEY THE LAW.

ATTACHMENT No.(5): REQUEST FOR DECLATORY AND INJUNCTIVE RELIEF (CONT.)

15. IF SECURITY IS REQUIRED TO BE POSTED, IN VEEW OF THE SERIOUS HARM PLAINTIFF FACES AND DUE TO HIS INDIGENCY, THE COURT SHOULD GRANT RELIEF WITHOUT SECURITY POSTING.

16. PLAINTIFF BELIEVES AND THEREON ALLEGES, WHEN DEFENDANTS PLACED PLAIN- TIFF'S PERSONAL INFORMATION (CLASSIFICATION PRISON GANG ASSOCIATION) WHICH WAS IN- FORMATION THAT CAME FROM PLAINTIFF'S C-FILE INTO THE CONTENTS OF THE NINE OTHER CDCR INMATES RVR(S), DEFENDANTS DID SO EVEN THOUGH THEY HAD LESS SEVERE AND RE- STRICTIVE OPTIONS AVAILABLE TO THEM. (DECL. MORRIS, C-06409, AT PG. 4.) DEFENDANTS COULD HAVE: (1) ISSUED EACH INDIVIDUAL INMATE A CDCR 115 RVR THAT ALLEGED ONLY THAT SPECIFIC INMATE'S INVOLVEMENT WITH THE INFRACTION. DEFENDANTS COULD HAVE STILL USED THE "FLYER" (EXH.A, PG.7) AS EVIDENCE TO SUPPORT THE INFRACTION. IF DEFENDANTS USED THE "FLYER" AS EVIDENCE THEY WOULD BE REQUIRED TO PROVIDE THE INMATE WITH A COPY OF THE "FLYER" TO MEET DUE PROCESS REQUIREMENTS. AT THIS POINT, DEFENDANTS COULD HAVE BLOCKED OUT ALL THE NAMES OF OTHER INMATES ON THE FLYER ACCEPT FOR THE NAME THAT CORRESPONDED TO EACH INDIVIDUAL INMATE AND THEIR RVR. AND THE DE- FENDANTS WOULD HAVE STILL BEEN ABLE TO OBTAIN GUILTY FINDINGS ON THE RVR WITHOUT DISCLOSING PERSONAL INFORMATION RELATED TO OTHER INMATES: OR IN THE ALTERNATIVE: (2) DEFENDANTS COULD HAVE ISSUED EACH INMATE A CDCR 115 RVR THAT ALLEGED EACH INDIVIDUAL INMATE'S INVOLVEMENT WITH THE ALLEGED INFRACTION AND THEN PROVIDED EACH INMATE WITH A COPY OF "THE FLYER" AS EVIDENCE TO BE USED AGAINST THEM DURING THE RVR PROCEEDINGS. IF DEFENDANTS FELT IT IS/ WAS IMPERATIVE TO NOT BLACK OUT ANY OTHER INMATE(S) NAMES ON THE FLYER BE- CAUSE IT MAY ALTER A PIECE OF EVIDENCE, THIS BEING A LEGITIMATE CONCERN; THEY COULD HAVE STILL REFRAINED FROM DISCLOSING PLAINTIFF'S PERSONAL INFOR- MATION (e.g., ALLEGED PRISON GANG ASSOCIATION) BECAUSE THEIR MAIN PIECE OF EVI- DENCE "THE FLYER" MAKES NO REFERENCE TO AN INMATE'S ALLEGED GANG ASSOCIATION (Id.) NOR WAS THE RVR PRISON GANG ACTIVITY RELATED. (DECL. MORRIS, C-06409, PG.3, P.12, PG.4, P.1 DEFENDANTS WOULD STILL HAVE BEEN ABLE TO OBTAIN A GUILTY FINDING ON THE

ATTACHMENT 10.(9): REQUEST FOR DECLATORY AND INJUNCTIVE RELIEF (CONT.)

RVR WITHOUT DISCLOSING PERSONAL INFORMATION RELATED TO OTHER INMATES. THE

ABOVE OPTIONS WERE AVAILABLE TO DEFENDANTS, THEY WERE LESS RESTRICTIVE AND

WOULD HAVE PROTECTED PLAINTIFF'S PRIVACY RIGHTS AND CDCR PENALOGICAL GOALS

AND INTERESTS, YET DEFENDANTS CHOSE TO DISREGARD THESE OPTIONS. (Id.)

//

/

ATTACHMENT NO. 14: PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THIS COURT GRANT JUDGEMENT AGAINST THE DEFENDANTS AS FOLLOWS:

1. COMPENSATORY DAMAGES;

2. PUNITIVE DAMAGES;

3. DECLATORY AND INJUNCTIVE RELIEF, DECLARING DEFENDANTS' DISCLO-SURE OF PLAINTIFF'S PERSONAL INFORMATION (e.g., ALLEGED PRISON GANG ASSOCIATION) WHICH IS CONTAINED WITHIN PLAINTIFF'S PRISON C-FILE TO BE ILLEGAL IF DISCLOSED TO ANY PERSON NOT AUTHORIZED BY LAW TO RECEIVE THIS INFORMATION, AND ENJOIN DEFENDANTS' FROM DISCLOSING THIS KIND OF INFORMATION TO ANY PERSON NOT AUTHO-RIZED BY LAW TO RECEIVE IT, UNLESS THE DISCLOSED INFORMATION IS SPECIFICALLY RELATED TO AND LEGALLY REQUIRED TO BE DISCLOSED FOR THE PROSECUTION OF PRISON GANG OFFENSES (ADMINISTRATIVELY AND/OR JUDICIALLY), PRISON GANG ACTIVITY IS CHARGED IN THE COMPLAINT, AND DEFENDANTS CAN LEGALLY JUSTIFY THE DISCLOSURE;'

4. ANY AND ALL OTHER RELIEF THAT THE COURT MAY DEEM PROPER; AND

5. DEMAND FOR JURY TRIAL.

DATED: JULY 09, 2007

Jack L M Jorris
JACK L. MORRIS
PLAINTIFF
IN PRO PER

SHORT TITLE:

JACK L. MORRIS VS. ROBERT A. HOREL, WARDEN, et al.,

CASE NUMBER:

CVPI-07-1388

## VERIFICATION

I, JACK L. MORRIS, VERIFY/DECLARE UNDER CCP §§ 446 AND 2015.5 AND UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF CALIFORNIA THAT I HAVE READ THE CONTENTS OF THIS COMPLAINT AND ALL EXHIBITS ATTACHED IN SUPPORT, AND TO THE BEST OF MY KNOWLEDGE I BELIEVE THESE CONTENTS TO BE TRUE AND CORRECT; AND AS TO MATTERS ON INFORMATION AND BELIEF, I BELIEVE THEM TO BE TRUE AND CORRECT, AND THAT THIS COMPLAINT/VERIFICATION/DECLARATION WAS EXECUTED THIS ___9TH___ DAY OF ___JULY___, 2007, AT PBSP, CRESCENT CITY, CA., 95531.7500.

JACK L. MORRIS, CDCR I.D. NO. C-06409
DECLARANT / PLAINTIFF
IN PRO PER

# EXHIBIT
## A

STATE OF CALIFORNIA
**RULES VIOLATION REPORT**
DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-06409 | MORRIS | REPO | 7-29-1989 | PBSP | D07-217L | D06-07-0016 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| 3024(a) | UNAUTHORIZED BUSINESS DEALINGS | | IGI ROOM | 07-14-06 | 0900 HRS |

CIRCUMSTANCES

On July 14, 2006, the Institution Gang Investigation unit received for review flyers being sent in to various inmates at Pelican Bay State Prison Security Housing Unit from "Margie Ghiz" (Marguerite Ghiz-Gillies), 840 Grant Street, Santa Monica, CA, 90405 of Art Release (Artrelease.org). The flyers announced plans to have an art show called Art Behind Bars, also promoted by California Assembly member Jackie Goldberg. The art show reception is to take place at the Assembly member's office August 12, 2006, but then continue until October 12, 2006. Based on the previous activities of Art Release selling art work under the name Art Behind Bars at art shows, it is reasonable to believe that this is the purpose for this art show. Confidential Memorandum dated July 17, 2006 reports the activities of Ms. Ghiz-Gillies and others who have joined together to sell artwork for inmates in the Security Housing Unit.

CONT ON PART C

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D. HAWKES, CORRECTIONAL COUNSELOR II | 7/26/06 | IGI | 2/W  S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| SERGEANT R. MOORE | 07/26/06 | DATE N/A | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | F | 7-26-06 | M. MENA, CII | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | W. Colema | 7-27 | 1305 | 1)1030 Confidential Disclosure |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | N/A | | | W. Colema | 7-27 | 1305 |

HEARING

The issuing officer used simple English and short sentences to ensure the inmate understood what was issued to him as well as the circumstances of the offense.

*W. Colema*

SIGNATURE OF ISSUING OFFICER

PHOTOCOPY OF ART FLYER EVIDENCE GIVEN ON 08-04-06. X [signature] @ 1145

SEE ATTACHED 115-C FOR HEARING SUMMARY

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|
| R. KIFE  LT | | | 7/14/06 | 1100 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| CAPTAIN G.A. KELLEY | 8-76-06 | C.M. SCAVETTA A.W. | 8/1/06 |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | W. Colema | 7-27 | 1135 |

CDC 115 (7/88)   MORRIS VS. HOREL, et al.; EXHIBIT A, PG. 1 OF 8

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-06409 | MORRIS | D06-07-0016 | PBSP | 07-14-06 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☒ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☐ OTHER _____

The prisoner artists for this show are listed as Robert Amezcua H-11889 (C10-109, Mexican Mafia associate), William Castro C-42238 (D07-117, Mexican Mafia associate), David Delahanty H-98667(D03-106L, Nazi Low Rider member), Robert Montenegro C-63849 (D07-118, Mexican Mafia associate), Jack L. Morris C-06409 (D07-217, Mexican Mafia associate), Gabriel Ramirez C-70782 (D07-219, Mexican Mafia associate), Gabriel Reyes C-88996 (D07-119, Mexican Mafia associate), Robert Stockton J-80992 (D07-124, not validated – evidence of association with Nazi Low Riders and Aryan Brotherhood), Martin Villa K-60300 (D07-212, Mexican Mafia associate), and Donald White J-74454 (D03-118, Nazi Low Riders member). Inmates Montenegro, Morris, Ramirez, Reyes, Stockton, and White were previously issued rule violation reports for their participation with Ghiz-Gillies in selling their artwork (disciplinaries reduced from serious to a CDC 128A). Amezcua was found guilty of a serious rule violation report for his selling of artwork also. This activity is in violation of California Code of Regulations, Title 15, Section 3024 (a), Business Dealings By Inmates, which states in part, "Inmates shall not engage actively in a business or profession except as authorized by the institution head or as provided in Section 3104. For the purpose of this section, a business is identified as any revenue generating or profit making activity." Accordingly, inmates may not engage in revenue generating or profit making activities without first obtaining approval from the institution head (Warden). Even eligibility for participation in a handicraft program per Section 3100 requires the inmate to be in Privilege Group A or B [Section 3100 (b)]. All of the stopped incoming mailings were disapproved according to Section 3024 (b), and the material deemed contraband per Section 3006 (c) (6). Notification of the disapproval and the authority for disapproval was provided to the inmates via CDC Form 1819. Additional information is documented in Confidential Memorandum dated July 17, 2006.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| CCII D. HOWES | | 7/26/06 |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | T. Coloma | 7-27-06 | 1305 |

CDC 115-C (5/95)

OSP 99 25082

# SERIOUS RULES VIOLATION REPORT

PELICAN BAY SECURITY HOU    G UNIT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| C-06400 | MORRIS | 3024(B) | 07-14-06 | PBSP | D06-07-0036 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES    ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | N/A |
| I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ N/A | N/A |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| N/A | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I REVOKE my request for postponement. | ▶ N/A | N/A |

## STAFF ASSISTANT

| STAFF ASSISTANT | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ REQUESTED  ☒ WAIVED BY INMATE | ▶ Refused to Sign | 7-27-06 |
| ☐ ASSIGNED   DATE   NAME OF STAFF | | |
| ☒ NOT ASSIGNED   REASON  DNMK PER 3315 (d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☒ REQUESTED  ☐ WAIVED BY INMATE | ▶ Refused to Sign | 7-27-06 |
| ☐ ASSIGNED   DATE   NAME OF STAFF | | |
| ☒ NOT ASSIGNED   REASON  DNMK PER 3315(d)(1) | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☒ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| Everyone in the report | ☐ | ☒ | | ☐ | ☐ |
| Montira Amatis | ☐ | | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ _____ Coleman | TIME 1305 | DATE 7-27-06 |
|---|---|---|---|

CDC 115-A (7/88)    — If additional space is required use supplemental pages —    OSP 03 748?

MORRIS v. HOREL, et al., EXHIBIT A, PG. 3 OF 7

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-06409 | MORRIS | D06-07-0016 | PBSP | August 13, 2006 |

| ☐ SUPPLEMENTAL | ☑ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☑ HEARING | ☐ I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: The hearing was convened on August 11, 2006, at approximately 1100 hours, when I introduced myself to MORRIS as the Hearing Officer for this disciplinary. MORRIS stated he was in good health with normal vision and hearing. MORRIS acknowledged that he received a copy of the following document more than 24 hours in advance of the hearing: CDC-115. This report as well as the disciplinary charge of UNAUTHORIZED BUSINESS DEALINGS was reviewed with MORRIS in the hearing. He stated that he understood both and that he was prepared to begin the hearing.

**District Attorney:** This has not been referred for criminal prosecution.

**Due Process**: The behavior of this inmate was evaluated at the time that the Reviewing Supervisor reviewed this disciplinary report. The Reviewing Supervisor concluded that a mental health assessment was not required. The SHO concurs. There is no compelling need for a mental health assessment based upon the circumstances given in this report.

The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Staff Assistant**: A Staff Assistant was not assigned as MORRIS agrees that he speaks English, is literate (that is, reads at 4.0 or above), the issues are not complex and a confidential relationship is not required. In the hearing, MORRIS confirmed that assignment of a Staff Assistant was not necessary.

**Investigative Employee**: An IE was not assigned as the issues are not complex, and the available information is sufficient. Per the CDC 115-A and his statements in the hearing, MORRIS requested IE assignment. I reviewed this request with MORRIS in the hearing. MORRIS states that he requires an IE for the following reason: to interview all the inmates listed on the Rules Violation Report. The Senior Hearing Officer determined that the witnesses would not provide any relevant information. MORRIS does not meet the criteria given in CCR 3315 (d)(1). Request denied.

**Request for Witnesses**: Although the inmate requested witnesses prior to the hearing, MORRIS waived all witnesses in the hearing. The SHO requested none.

**Video and photo evidence**: Videotape evidence was not an issue for this hearing.

**Plea**: MORRIS entered a plea of NOT GUILTY to the charge.

**Hearing testimony**: MORRIS gave the following testimony as his defense: Ms. Ghiz-Gillies is a personal friend. I gave her the drawings as a friend. I was aware that she is involved in the ART RELEASE project and that she does show artwork to the public. I've seen her .org internet website. MORRIS denies that he gave his artwork to Ms. Ghiz-Gillies for personal gain.

**Finding**: Guilty of the Div. F offense UNAUTHORIZED BUSINESS DEALINGS. *Unauthorized Business Dealings* is defined in CCR §3024(a) as being engaged in a business or profession without the prior approval of the institutional head. This offense is appropriate where there is a reasonable expectation by the inmate(s) that entering into agreement with another person, whether formally or informally, will create revenue, regardless if those revenues benefit the inmate. This finding is based upon the following preponderance of evidence:

A. The testimony of CCII D. T. HAWKES in the disciplinary report of July 14, 2006, wherein CCII HAWKES testifies that on July 14, 2006, PBSP Institutional Gang Investigations Unit received and reviewed flyers from Marguerite Ghiz-Gillies of

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED |
|---|---|---|---|---|
| R. RICE | | Correctional Lieutenant | | August 13, 2006 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: | TIME SIGNED: |
| | | | 8-27-06 | 1138 |

*Morris vs. Horel, et al.; Exhibit A, pg. 4 of 7*

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-06409 | MORRIS | D06-07-0016 | PBSP | August 13, 2006 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E .REPORT | ☐ OTHER |
|---|---|---|---|---|---|

ART RELEASE promoting an open reception of an art show titled ART BEHIND BARS featuring artists from PBSP including Jack L. Morris. ART RELEASE has previously sold artwork under the name ART BEHIND BARS at art shows.

B.  The testimony by MORRIS that he did give artwork to Ms. M. Ghiz-Gillies and that he was aware she is in business under the name of ART RELEASE.

C.  The confidential document of CCII D. T. HAWKES, dated July 17, 2006, was reviewed carefully by the Senior Hearing Officer.  This document is confidential per CCR 3321 (a)(1) & (2) as divulging this information would endanger the safety of persons and jeopardize the security of the institution.

D.  The CDC 1030 has been reviewed and compared with the corresponding confidential document.  The information disclosed by this CDC 1030 has been compared against the information given in the confidential document.  It is my conclusion that this CDC 1030 discloses as much of the relevant information concerning this offense as reasonably possible while, at the same time, not disclosing information endangering security.

E.  Per CCR 3321(b)(1), confidential information can be accepted as the basis for a finding only under two conditions: either the confidential information is corroborated by additional documentation; or, the circumstances surrounding the event combined with the documented reliability of the informant satisfy the decision maker that the information is true.

**Disposition**: Assessed **30** day credit forfeiture for this Div. F offense.  MORRIS was informed that his credit restoration period began July 15, 2006 and this restoration period is a minimum of three months (if within 60 days of scheduled release, the minimum is reduced to one month).  If he is found guilty of any administrative or serious CDC-115 issued during this credit restoration period, he forfeits his eligibility for restoration.  If he completes this restoration period disciplinary free, he may request a classification review.  Classification will make the final determination whether he is eligible for restoration or request an additional period of disciplinary free conduct.  Appeal rights were explained.  MORRIS was referred to CCR §3084.1 and following for additional information on appeal procedures.

**Additional Penalties:**  Counseled and reprimanded that any further violations will be charged based on the following:  I believe the RVR was classified incorrectly as a Div. F offense.  It is my opinion the correct classification of this RVR is the Div. B (8) offense CONSPIRACY to commit the B (6) offense THEFT, EMBEZZLEMENT, DESTRUCTION, MISUSE, ALTERATION, DAMAGE, UNAUTHORIZED ACQUISITION OR EXCHANGE OF PERSONAL PROPERTY, STATE FUNDS OR STATE PROPERTY VALUED IN EXCESS OF $400.  Noting that a conspiracy exists whenever two or more persons plan to commit a criminal act and their participation includes an overt act.  An *overt act* is any action that commits the participants to carrying out this criminal act.  In this particular offense, unauthorized acquisition of personal property, funds or property valued at more than $400 is the goal of this conspiracy.  *Unauthorized acquisition* means that this conspiracy planned to acquire personal property, funds or property by violating, circumventing or ignoring institutional guidelines governing business dealings by inmates.  In this case, the planned method of this unauthorized acquisition was to obtain personal property or funds in excess of $400 through the sales of inmate artwork by Ms. Ghiz-Gillies and the Art Behind Bars open reception held in the office of Assmeblymember Jackie Goldberg.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| R. RICE | Correctional Lieutenant | August 13, 2006 |

| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | DATE SIGNED: | TIME SIGNED: |
|---|---|---|---|

MORRIS VI. HLREL, et al.; ExHIBIT A, PG.5 OF 7

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER **Morris, Jack**          INMATE NAME:    **C06409**

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

   This information is considered reliable because:

   a)☐ This source has previously provided confidential information which has proven to be true.

   b)☐ This source participated in and successfully completed a Polygraph examination.

   c)☐ More than one source independently provided the same information.

   d)☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e)☐ Part of the information provided by the source(s) has already proven to be true.

   f)☐ Other (Explain) _____

   Art flyer, internet information, commitment offenses (C-File), Letters from Reyes and Ghiz-

3) Disclosure of information received.

An unauthorized art show being sponsored by Margie Ghiz-Gillies of Art Relase and Assemblymember Jackie Goldberg is scheduled to take place from August 12, 2006 to October 12, 2006 for the purpose of selling art work from PBSP-SHU inmates Robert Amezcua, William Castro, David Delahanty, Robert Montenegro, Jack Morris, Gabriel Ramirez, Gabriel Reyes, Robert Stockton, Martin Villa, and Donald White. Described are connections to Ed Mead (California Prison Focus, George Jackson Brigade) and Maoist Internationalist Movement. Cited are previous violations for the same type of activity from Amezcua, Montenegro, Morris, Ramirez, Reyes, Stockton, and White. Confidentiality is based on some personal information about individuals, including circumstances of commitment offenses and disciplinary history. It also contains references to confidential information from Central Files.

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material

fol    Confidential Memorandum dated July 17, 2006 in confidential section of C-File

D. T. Hawkes, Correctional Counselor II                    July 27, 2006
STAFF SIGNATURE, TITLE                                        DATE DISCLOSED

DISTRIBUTION: WHITE ∞ Central File; GREEN ∞ Inmate; YELLOW ∞ Institution Use

*MORRIS VS. HOREL, et als EXHIBIT A, PG. 6 of 7*

# Art Behind Bars

**Robert Amezcua
William Castro
David Delahanty
Robert Victor Montenegro
Jack L. Morris
Gabriel Ramirez
Gabriel Reyes
Robert Stockton
Martin Villa
Doug White**

August 12-October 12, 2006

Opening Reception
Saturday, August 12, 6-9 p.m.

---

**Office of CA State Assemblymember**
**Jackie Goldberg**
106 N. Ave 56
Highland Park, CA 90042

Art Release and Assemblymember Goldberg present

## Art Behind Bars

Drawings from the SHU (Secure Housing Unit) at Pelican Bay Prison

### August 12-October 12, 2006
Opening Reception, Saturday, August 12, 6-9 p.m.
106 N. Ave 56 @ Figueroa, Highland Park.
Take the Gold Line to the Ave 57 Highland Park station.

Participating in NELAart's Second Saturday Gallery Night.

For more information contact (323) 258-0450.

( EXH A , pg. 7 )

# EXHIBIT
## B

JACK L. MORRIS
C.D.C.R I.D. No. C-06409
P.O. Box 7500
CRESCENT CITY, CA.
95531.7500

IN PRO PER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF DEL NORTE

| | |
|---|---|
| JACK L. MORRIS, | CASE NO. __CVPI-07-1388__ |
| PLAINTIFF, | DECLARATION OF JACK L. MORRIS, CDCR I.D. No. C-06409 |
| VS. | |
| ROBERT A. HOREL, WARDEN, et al., | |
| DEFENDANTS, | |

I, JACK L. MORRIS, DECLARE AS FOLLOWS:

1. I AM A PARTY TO THIS ACTION. I AM THE PLAINTIFF PROCEEDING IN PROPRIA PERSONA. I AM COMPETENT TO TESTIFY TO THE MATTERS AS SET FORTH HEREIN, AND IF CALLED UPON TO DO SO, I WOULD AND COULD SO TESTIFY. I SUBMIT THIS DECLARATION IN SUPPORT OF MY CALIFORNIA TORT CLAIM LITIGATION AGAINST DEFENDANT ROBERT A. HOREL, WARDEN, et al.,

2. ON JULY 27, 2006, I RECEIVED A CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") 115 RULE VIOLATION REPORT ("RVR") LOG NO. D06-07-0016 FOR THE SPECIFIC INFRACTION OF CCR TITLE 15 § 3024(a)(2006) UNAUTHORIZED BUSINESS DEALINGS.(EXHIBIT A, PG. 1, COPY OF 7-26-06 RVR, ATTACHED AND INCORPORATED BY REFERENCE HEREIN.)

3. RVR NO. D06-07-0016 HAD BEEN AUTHORED BY D. HAWKES, CORRECTIONAL

CASE NO. CVPI-07-1388, MORRIS V. HOREL, et al., DECL. MORRIS, C-06409

COUNSELOR II ("CCII"), PBSP; REVIEWED BY R. MOORE, CORRECTIONAL SERGEANT, PBSP; AND CLASSIFIED BY M. PEÑA, CCII, PBSP, ON JULY 26, 2006. (EXH. A, PG. 1.)

4. ON INFORMATION AND BELIEF, I ALLEGE D. HAWKES, CCII, AUTHORED A TOTAL OF TEN INDIVIDUAL AND SEPARATE RVR(s) TO BE ISSUED TO TEN INDIVIDUAL AND SEPARATE CDCR-PBSP INMATES FOR THE SPECIFIC INFRACTION OF CCR TITLE 15 § 3624 (a)(2006) UNAUTHORIZED BUSINESS DEALINGS. THIS OCCURRED ON JULY 26, 2006. THE CIRCUMSTANCES IN THE RVR AND CONTINUATION CDCR 115-C WERE IDENTICAL IN ALL TEN RVR(s).

5. ON INFORMATION AND BELIEF, D. HAWKES, CCII, PBSP, DISCLOSED MY PRIVATE AND PERSONAL INFORMATION RELATED TO MY ALLEGED ASSOCIATION TO THE MEXICAN MAFIA PRISON GANG IN THE BODY OF ALL TEN RVR(s). THIS PRIVATE INFORMATION CAME FROM THE CONTENTS OF MY PRISON CENTRAL FILE ("C-FILE") WHICH IS NOT TO BE DISCLOSED TO OTHER CDCR INMATES.

6. ON INFORMATION AND BELIEF, R. MOORE, CORRECTIONAL SERGEANT, PBSP, WAS THE REVIEWING SUPERVISOR WHO REVIEWED AND APPROVED FOR ISSUANCE APPROXIMATELY NINE OF THE TEN RVR(s).

7. ON INFORMATION AND BELIEF, M. PEÑA, CCII, PBSP, READ AND THEN CLASSIFIED THE TEN RVR(s).

8. ON INFORMATION AND BELIEF, D. HAWKES, CCII, PBSP; M. PEÑA, CCII, PBSP; AND R. MOORE, CORRECTIONAL SERGEANT, PBSP, INDIVIDUALLY AND COLLECTIVELY, HAD THE ABILITY TO ORDER THAT THE OTHER NINE RVR(s) ISSUED TO OTHER INMATES THAT CONTAINED MY PRIVATE C-FILE INFORMATION (e.g., ALLEGED GANG ASSOCIATION) BE RE-WRITTEN SO MY PERSONAL INFORMATION WOULD NOT BE DISCLOSED TO OTHER INMATES.

9. I HAVE NEVER AUTHORIZED ANY CDCR EMPLOYEE INCLUDING BUT NOT LIMITED TO, D. HAWKES, CCII, PBSP, M. PEÑA, CCII, PBSP, AND R. MOORE, CORRECTIONAL SERGEANT, PBSP, THE RIGHT TO DISCLOSE ANY OF MY PRIVATE AND PERSONAL

INFORMATION INCLUDING BUT NOT LIMITED TO MY ALLEGED ASSOCIATION TO THE MEXI-CAN MAFIA PRISON GANG, TO ANY OTHER PERSON AND ESPECIALLY NOT ANOTHER CDCR INMATE.

10. THE DISCLOSURE OF MY PRIVATE INFORMATION TO OTHER CDCR INMATES BY D.HAWKES, M.PEÑA,AND R.MOORE IS PREJUDICIAL TO MY RIGHT TO PRIVACY AND JEOPARDIZES MY PERSONAL WELL BEING.(SEE ALSO, PARA. NV.13, OF THIS DECL.)

11. ON INFORMATION AND BELIEF, OF THE TEN INMATES WHOSE NAMES ARE LIS-TED ON PAGE 2 OF MY RVR I HAVE PERSONALLY MET FOUR OF THESE INMATES WHICH WOULD INCLUDE :(1) WILLIAM CASTRO, C-42238 : (2) ROBERT MONTENEGRO. C - 63849 ;(3) GABRIEL RAMIREL, C-70702 ; AND(4) GABRIEL REYES,C-88996 , I HAVE NEVER MET ANY OF THE OT-HER INMATES LISTED ON THE RVR AND THIS WOULD INCLUDE: (1) ROBERT AMEZCUA, H-11889; (2) DAVID DELANHANTY, H-98667; (3) ROBERT STOCKTON, J-80793;(4) MARTIN VILLA, K-65583 ; AND (5) DONALD WHITE, J-74454. AS TO THE FIVE INMATES LISTED HEREIN THAT I HAVE NEVER MET THIS WOULD INCLUDE BUT NOT BE LIMITED TO :(1) A FACE TO FACE PHYSICAL ENCOUNTER ; (2) LIVING IN THE SAME PRISON HOUSING POD ; (3) ANY FORM OF CORRESPONDENCE; AND (4) ANY VERBAL CONVERSATION OF ANY KIND WITH THESE FIVE INMATES FACE TO FACE. THESE FIVE INMATES ARE UNKNOWN TO ME.

12. MY RVR WAS BASED ON MY INDIVIDUAL ACTS AND VIOLATIONS OF THE CCR TITLE 15 § 3024(a) (2006). THERE WAS NO CHARGE LEVIED, EVIDENCE PROFERRED,OR CONVICTION OBTAINED WHICH SUPPORTED MY INVOLVEMENT IN A CONSPIRACY OR ATTEMPTED CON-SPIRACY WITH ANY OTHER INMATE. THUS, ON INFORMATION AND BELIEF, THERE WAS NO REASON WHATSOEVER THAT WARRANTED MY PERSONAL INFORMATION FROM MY C-FILE BEING DISCLOSED TO OTHER CDCR INMATES. MORE IMPORTANTLY, MY RVR WAS NOT PRI-SON GANG RELATED. MOST IMPORTANTLY, EVEN THE CDCR 1030 CONFIDENTIAL DISCLO-SURE FORM USED IN THE RVR PROCESS CORRECTLY AND SPECIFICALLY OMITS ANY AND ALL ALLEGED PRISON GANG ASSOCIATIONS (EXH. A, PG.6 ), NOR DID THE "FLYER" THAT PRIP OFFICIALS INTERCEPTED WHICH CONTAINED THE ADDRESS OF CALIFORNIA ASSEMBLYMEM-BER JACKIE GOLDBERG, 106 N. AVE. 56, HIGHLAND, CA. 90042(EXH.A, PG.7.) MY RVR

SHOULD NOT HAVE CONTAINED ANY OF THE OTHER NINE CDCR INMATES' PERSONAL IN-
FORMATION RELATED TO THEIR ALLEGED PRISON GANG STATUS AND THEIR CDCR
115 (5) SHOULD NOT HAVE CONTAINED ANY PERSONAL REFERENCE TO ME AND SPECI-
FICALLY NOT MY ALLEGED PRISON GANG ASSOCIATION.

13. ON INFORMATION AND BELIEF, WHEN D. HAWKES, R. MOORE, AND M. PEÑA, DIS-
CLOSED MY PERSONAL INFORMATION TO OTHER CDCR INMATES IT IS NOW POSSIBLE
THAT OTHER INMATES, WHO PREVIOUSLY HAD ABSOLUTELY NO KNOWLEDGE OF MY AL-
LEGED PRISON GANG ASSOCIATION, COULD NOW IDENTIFY ME AS ACTIVE PRISON
GANG ASSOCIATE (WHICH I AM NOT) IN AN ATTEMPT TO GAIN PERSONAL FAVOR WITH
CDCR OFFICIALS (e.g., DEBRIEFING PROCESS, BUT NOT LIMITED TO). ADDITIONALLY,
THE INFORMATION COULD BE USED TO TARGET ME FOR PHYSICAL ASSAULT BASED SPE-
CIFICALLY ON AND FOR NO OTHER REASON THAN A DIFFERENT PRISON GANG ASSOCI-
ATE TAKING THE DISCLOSED INFORMATION AS FACT, WHICH THEY COULD NOT HAVE
WITHOUT DEFENDANTS' NEGLIGENT DISCLOSURES.

14. ON INFORMATION AND BELIEF, THE DISCLOSURE OF MY PERSONAL INFORMATION
TO OTHER CDCR INMATES BY DEFENDANTS NOT ONLY FAILED TO MEET OR ESTABLISH ANY
LEGITIMATE PENALOGICAL INTERESTS BUT IT WAS ALSO NOT LEAST RESTRICTIVE AVAIL-
ABLE OPTION THAT DEFENDANTS COULD HAVE USED TO PROTECT BOTH MY PRIVACY RIGHTS
AND THE LEGITIMATE PENALOGICAL INTERESTS OF THE CDCR. DEFENDANTS COULD HAVE:
(1) ISSUED EACH INMATE A CDCR 115 RVR THAT ALLEGED ONLY THAT SPECIFIC INMATE'S
INVOLVEMENT WITH THE ALLEGED INFRACTION. DEFENDANTS COULD HAVE STILL USED
THE "FLYER" (EXH. A, PG. 7) AS THEIR EVIDENCE TO SUPPORT THE INFRACTION. WHEN DE-
FENDANTS USED THE FLYER AS EVIDENCE THEY WOULD BE REQUIRED TO PROVIDE THE INMATE
WITH A COPY OF THE FLYER TO MEET DUE PROCESS REQUIREMENTS. AT THIS POINT, THEY
COULD BLACK OUT ALL THE NAMES OF OTHER INMATES ON THE FLYER ACCEPT FOR THE
NAME THAT CORRESPONDED TO EACH INDIVIDUAL INMATE AND THEIR RVR.; (2) ISSUED
EACH INMATE A CDCR 115 RVR THAT ALLEGED THEIR INDIVIDUAL INVOLVEMENT WITH THE
ALLEGED INFRACTION AND THEN PROVIDED EACH INMATE A COPY OF THE FLYER AS EVIDENCE
CASE NO. CVPI-07-1388 , MORRIS V. HOREL, et al.; DECL. MORRIS , COC 409

4.

TO BE USED AGAINST THEM DURING THE RVR PROCEEDINGS. IF DEFENDANTS FELT IT IS/WAS IMPERATIVE TO NOT BLACK OUT ANY OTHER INMATE(S) NAMES AS THIS MAY ALTER A PIECE OF EVIDENCE, THIS IS AN AVAILABLE OPTION, BUT MOST NOTABLY THEY COULD STILL REFRAIN FROM DISCLOSING ANY INMATE'S PERSONAL INFORMATION (E.G., ALLEGED PRISON GANG ASSOCIATION) BECAUSE THEIR MAIN PIECE OF EVIDENCE "THE FLYER" MAKES NO REFERENCE TO AN INMATE'S ALLEGED PRISON GANG ASSOCIATION (EXH. A, PG.7), NOR DOES THE CDCR 1030 FORM (EXH. A, PG. 6), NOR WAS THE RVR PRISON GANG ACTIVITY RELATED (EXH. A, PG.1-7). THE ABOVE OPTIONS WERE READILY AVAILABLE TO DEFENDANTS YET THEY CHOSE TO DISREGARD THEM AND INSTEAD USED THE MOST EXTREME OPTION WHICH RESULTED IN THE VIOLATION OF MY PRIVACY RIGHTS.

I SWEAR UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF CALI-FORNIA THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, AS TO MATTERS ON INFORMATION AND BELIEF, I BELIEVE THEM TO BE TRUE, AND THIS DECLARATION WAS EXECUTED THIS 9TH DAY OF JULY, 2007, AT PBSP, CRESCENT CITY, CA. 95531.7500

Jack M. Morris
JACK L. MORRIS
DECLARANT

5.

JACK L. MORRIS
CDCR I.D. No. C - 06709
P.O. Box 7500
CRESCENT CITY, CA.
95531. 7500

IN PRO PER

**ENDORSED
FILED**

AUG 20 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF DEL NORTE

JACK L. MORRIS,

    PLAINTIFF,

VS.

ROBERT A. HOREL, WARDEN, et. al.,

    DEFENDANTS,

CASE NO. _CVPI-07-1388_

DECLARATION OF WILLIAM CASTRO,
CDCR I.D. No. C-42238

I, WILLIAM CASTRO, DECLARE AS FOLLOWS:

1. I AM NOT A PARTY TO THIS ACTION, I AM COMPETENT TO TESTIFY TO THE MATTERS AS SET FORTH HEREIN, AND IF CALLED TO DO SO, I WOULD AND COULD SO TESTIFY. I SUBMIT THIS DECLARATION IN SUPPORT OF PLAINTIFF'S CALIFORNIA TORT CLAIM LITIGATION AGAINST DEFENDANT ROBERT A. HOREL, WARDEN, et al.

2. ON JULY 27, 2006, I RECEIVED A CALIFORNIA DEPARTMENT OF CORRECTIONS AND RE-HABILITATION ("CDCR") 115 RULE VIOLATION REPORT ("RVR") LOG NO. D06-07-0014 AT PELICAN BAY STATE PRISON ("PBSP") FOR THE SPECIFIC INFRACTION OF CCR TITLE 15 § 3024(a)(2006) UNAUTHORIZED BUSINESS DEALINGS,

3. THE CDCR 115 RVR WAS AUTHORED BY D. HAWKES, CORRECTIONAL COUNSELOR II ("CC II"), REVIEWED BY R. MOORE, CORRECTIONAL SERGEANT, AND CLASSIFIED BY M. PEÑA, CC II, ON JULY 26, 2006.

_CASE No. CVPI-07-1388 , MORRIS V. HOREL, et al.; DECL. CASTRO; CDCR I.D. No. C-42238_

1.

4. MY CDCR 115 RVR WAS ISSUED TO ME FOR MY ALLEGED INDIVIDUAL ACTS. THERE WAS NO CHARGE LEVIED, EVIDENCE PROFERRED, NOR CONVICTION OBTAINED THAT SUPPORTED ME BEING INVOLVED IN A CONSPIRACY OR ATTEMPTED CONSPIRACY WHICH INCLUDED ANY OTHER CDCR INMATE.

5. MY CDCR 115 RVR WAS IDENTICAL TO THE CDCR 115 RVR ISSUED TO PLAINTIFF JACK L. MORRIS ON JULY 27, 2007. MY CDCR 115 RVR DOES CONTAIN PERSONAL INFORMATION RELATED TO JACK L. MORRIS' ALLEGED ASSOCIATION TO THE MEXICAN MAFIA PRISON GANG. THIS INFORMATION WAS NOT RELEVANT TO MY CDCR 115 RVR NOR WAS IT USED AS ANY KIND OF EVIDENCE IN MITIGATION OR AGGRAVATION OF MY RVR PROCEEDINGS. (A COPY OF MY RVR IS ATTACHED TO THIS DECLARATION.)

I SWEAR UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT, AND THAT THIS DECLARATION WAS EXECUTED THIS 16TH DAY OF JUNE, 2007, AT PBSP, CRESCENT CITY, CA. 95531.7500.


_William R. Castro_
WILLIAM CASTRO
CDCR I.D. NO. C-42238
DECLARANT

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
## RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-42238 | CASTRO | | | PBSP | D07-117L | D06-07-0014 |
| VIOLATED RULE NO(S). | | SPECIFIC ACTS UNAUTHORIZED BUSINESS | | LOCATION | DATE | TIME |
| 3024(a) | | DEALINGS | | IGI ROOM | 07-14-06 | 0900 HRS |

CIRCUMSTANCES

On July 14, 2006, the Institution Gang Investigation unit received for review flyers being sent in to various inmates at Pelican Bay State Prison Security Housing Unit from "Margie Ghiz" (Marguerite Ghiz-Gillies), 840 Grant Street, Santa Monica, CA, 90405 of Art Release (Artrelease.org). The flyers announced plans to have an art show called Art Behind Bars, also promoted by California Assemblymember Jackie Goldberg. The art show reception is to take place at the Assemblymember's office August 12, 2006, but then continue until October 12, 2006. Based on the previous activities of Art Release selling art work under the name Art Behind Bars at art shows, it is reasonable to believe that this is the purpose for this art show. Confidential Memorandum dated July 17, 2006 reports the activities of Ms. Ghiz-Gillies and others who have joined together to sell artwork for inmates in the Security Housing Unit.

CONT ON PART C

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| D. HAWKES, CORRECTIONAL COUNSELOR II | | 7/26/06 | IGI | 2/W  S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| SERGEANT R. MOORE | | 07/26/06 | DATE N/A                    LOC. | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | F | 726ct | M. PENA, CCII | | ☐ HO  ☑ SHO  ☐ SC  ☐ FC | | |
| ☑ SERIOUS | | | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | W Colemar | 25 | 255 | 1) 1030  Confidential Disclosure |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) |
| | | | | W Colemar  DATE  TIME |

HEARING

The issuing officer used simple English and short sentences to ensure the inmate understood what was issued to him as well as the circumstances of the offense.

ART FLYER PHOTOCOPY EVIDENCE
AND 1819 ISSUED ON 8-4-06
at 1155. X

W Colemar
SIGNATURE OF ISSUING OFFICER

PELICAN BAY S.H.U.
UNIT D-7

SEE ATTACHED 115-C FOR HEARING SUMMARY

REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE | TIME |
|---|---|---|---|---|---|
| R. Rice  LT | | | | 8/11/06 | 0857 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE | |
| CAPTAIN G.A. KELLEY | 8-23-06 | C.M. SCAVETTA A-W. | | | |
| ☑ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | | DATE | TIME |
| | W Colemar | | | | |

CDC 115 (7/88)    MORRIS V. HAREL, et al., PG. 1 of 2

| CDC NUMBER C-42238 | INMATE'S NAME CASTRO | | LOG NUMBER D06-07-0014 | INSTITUTION PBSP | | TODAY'S DATE 07-14-06 |
|---|---|---|---|---|---|---|
| SUPPLEMENTAL | ☑ CONTINUATION OF: | ☑ 115 CIRCUMSTANCES | HEARING | IE REPORT | OTHER | |

The prisoner artists for this show are listed as Robert Amezcua H-11889 (C10-109, Mexican Mafia associate), William Castro C-42238 (D07-117, Mexican Mafia associate), David Delahanty H-93667 (D03-106L, Nazi Low Rider member), Robert Montenegro C-65549 (D07-118, Mexican Mafia associate), Jack L. Morris C-06409 (D07-217, Mexican Mafia associate), Gabriel Ramirez C-70782 (D07-219, Mexican Mafia associate), Gabriel Reyes C-88996 (D07-119, Mexican Mafia associate), Robert Stockton J-80992 (D07-124, not validated – evidence of association with Nazi Low Riders and Aryan Brotherhood), Martin Villa K-65583 (D07-212, Mexican Mafia associate), and Donald White J-74454 (D03-118, Nazi Low Riders member). Montenegro, Morris, Ramirez, Reyes, Stockton, and White were previously issued rule violation reports for their participation with Ghiz-Gillies in selling their artwork (disciplinaries reduced from serious to a CDC 128A). Amezcua was found guilty of a serious rule violation report for his selling of artwork also. This activity is in violation of California Code of Regulations, Title 15, Section 3024 (a), Business Dealings By inmates, which states in part, "Inmates shall not engage actively in a business or profession except as authorized by the institution head or as provided in Section 3104. For the purpose of this section, a business is identified as any revenue generating or profit making activity." Accordingly, inmates may not engage in revenue generating or profit making activities without first obtaining approval from the institution head (Warden). Even eligibility for participation in a handicraft program per Section 3100 requires the inmate to be in Privilege Group A or B [Section 3100 (b)]. All of the stopped incoming mailings were disapproved according to Section 3024 (b), and the material deemed contraband per Section 3006 (c) (6). Notification of the disapproval and the authority for disapproval was provided to the inmates via CDC Form 1819. Additional information is documented in Confidential Memorandum dated July 17, 2006.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing supervisor has concluded that a Mental Health Assessment is not required.

PEL___ ___ ___ ___ S.H.U.

UNIT D-7

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | CCCI-1 CHAVES | | 7-27-06 |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | W Coleman | 7-27-06 | 1255 |

CDC 115-C (5/95)    MORRIS v. HOREL, et al., PG 2 of 2



JACK L. MORRIS
CDCR I.D. No. C-06409
P.O. Box 7500
CRESCENT CITY, CA.
95531. 7500

IN PRO PER

**ENDORSED
FILED**

AUG 20 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF DEL NORTE

JACK L. MORRIS,

PLAINTIFF,

vs.

ROBERT A. HOREL, WARDEN, et al.,

DEFENDANTS,

CASE No. __CVPI- 07-1388__

DECLARATION OF GABRIEL RAMIREZ,
CDCR I.D. No. C-70702

I, GABRIEL RAMIREZ, DECLARE AS FOLLOWS:

1. I AM NOT A PARTY TO THIS ACTION. I AM COMPETENT TO TESTIFY TO THE MATTERS AS SET FORTH HEREIN, AND IF CALLED UPON TO DO SO, I COULD AND WOULD SO TESTIFY. I SUBMIT THIS DECLARATION IN SUPPORT OF PLAINTIFF'S CALIFORNIA TORT CLAIM LITIGATION AGAINST DEFENDANT ROBERT A. HOREL, WARDEN, et al.

2. ON JULY 27, 2006, I RECEIVED A CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") IIS RULE VIOLATION REPORT ("RVR") LOG NO. D06-07-0017 AT PELICAN BAY STATE PRISON ("PBSP") FOR THE SPECIFIC INFRACTION OF CCR TITLE 15 S 3024(a)(2006) UNAUTHORIZED BUSINESS DEALINGS.

3. THE CDCR IIS RVR WAS AUTHORED BY D. HAWKES, CORRECTIONAL COUNSELOR II ("CC II"), REVIEWED BY V. FRANCE, CORRECTIONAL SERGEANT, AND CLASSIFIED BY M. PEÑA, CC II, ON JULY 26, 2007 AT PBSP.

CASE No. CVPI-07-1388, MORRIS v. HOREL, et al.; DECL. RAMIREZ, C-70702,

1.

4. MY CDCR 115 RVR WAS ISSUED TO ME FOR MY ALLEGED INDIVIDUAL ACTS, THERE WAS NO CHARGE LEVIED, EVIDENCE PROFERRED, OR CONVICTION OBTAINED, THAT SUPPORTED ME BEING INVOLVED IN A CONSPIRACY OR ATTEMPTED CONSPIRACY WITH ANY OTHER CDCR INMATE.

5. MY CDCR 115 RVR WAS IDENTICAL TO THE CDCR 115 RVR ISSUED TO PLAINTIFF ON OR ABOUT JULY 27, 2006, THE ONLY DIFFERENCE WAS, MY RVR WAS REVIEWED BY V. FRANCE AND NOT R. MOORE AS PLAINTIFF'S WAS. MY CDCR 115 RVR DOES CONTAIN PERSONAL INFORMATION RELATED TO PLAINTIFF JACK L. MORRIS' ALLEGED ASSOCIATION TO THE MEXICAN MAFIA PRISON GANG. IT IS MY OPINION AND BELIEF THAT PLAINTIFF'S PERSONAL INFORMATION HAD ABSOLUTELY NO RELEVANCE TO MY RVR, WAS NOT USED AS EVIDENCE IN MY RVR PROCEEDINGS, WAS NONE OF MY BUSINESS AND SHOULD NOT HAVE BEEN DISCLOSED TO ME BY CDCR PERSONNEL.

I SWEAR UNDER PENALTY OF PERJURY OF THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT, AND THAT THIS DECLARATION WAS EXECUTED THIS 15TH DAY OF JUNE, 2007, AT PBSP, CRESCENT CITY, CA. 95531.7500.

GABRIEL RAMIREZ
CDCR I.D. NO. C-70702
DECLARANT

JACK L. MORRIS
CDCR I.D. No. C-06409
P.O. Box 7500
CRESCENT CITY, CA.
95531.7500

IN PRO PER

ENDORSED
FILED

AUG 2 0 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF DEL NORTE

JACK L. MORRIS,

PLAINTIFF,

VS.

ROBERT A. HOREL, WARDEN, et al.,

DEFENDANTS.

CASE No. _CVPI-07-1388_

DECLARATION OF ROBERT MONTENEGRO,
CDCR I.D. No. C-63849

I, ROBERT MONTENEGRO, DECLARE AS FOLLOWS:

1. I AM NOT A PARTY TO THIS ACTION. I AM COMPETENT TO TESTIFY TO THE MATTERS AS SET FORTH HEREIN, AND IF CALLED UPON TO DO SO, I WOULD AND COULD SO TESTIFY. I SUBMIT THIS DECLARATION IN SUPPORT OF PLAINTIFF'S CALIFORNIA TORT LITIGATION AGAINST DEFENDANT ROBERT A. HOREL, WARDEN, et al..

2. ON JULY 27, 2006, I RECEIVED A CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR") 115 RULE VIOLATION REPORT ("RVR") LOG NO. D06-07-0015 FOR THE SPECIFIC INFRACTION OF CCR TITLE 15 § 3024 (A) (2006) UNAUTHORIZED BUSINESS DEALINGS. (SEE ATTACHED 7.26.06 CDCR 115 RVR, PG. 1 OF 2.)

3. THE CDCR 115 RVR HAD BEEN AUTHORED BY D. HAWKES, CORRECTIONAL COUNSELOR II ("CCII"), REVIEWED BY R. MOORE, CORRECTIONAL SERGEANT, AND CLASSIFIED BY M. PEÑA, CCII, ON JULY 26, 2006 AT PELICAN BAY STATE PRISON ("PBSP").

CASE No. CVPI-07-1388, MORRIS V. HOREL, et al; DECL. MONTENEGRO, C-63849, WITH COPY OF 7-26-06 CDCR 115 RVR

1.

4. MY CDCR 115 RVR WAS IDENTICAL TO THE CDCR 115 RVR ISSUED TO PLAINTIFF ON OR ABOUT JULY 27, 2006. MY CDCR 115 RVR DOES CONTAIN PERSONAL INFORMATION RELATED TO PLAINTIFF JACK L. MORRIS' ALLEGED ASSOCIATION TO THE MEXICAN MAFIA PRISON GANG. (SEE ATTACHED 7.26.06 CDCR 115 RVR, PG. 2 OF 2, LOG # D06.07.0015.)

I SWEAR UNDER PENALTY OF PERJURY OF THE LAWS OF THE STATE OF CALIFORNIA THE FOREGOING IS TRUE AND CORRECT, AND THAT THIS DECLARATION WAS EXECUTED THIS 13TH DAY OF JUNE, 2007, AT PBSP, CRESCENT CITY, CA. 95531.7500.

ROBERT MONTENEGRO
CDCR I.D. NO. C-63849
DECLARANT

STATE OF CALIFORNIA
## RULES VIOLATION REPORT

804 SENT TO RECORDS ON 07-25-06

DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-63849 | MONTENEGRO | (MERD) | 5-15-2003 | PBSP | D07-118L | D06-07-0015 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3024(a) | UNAUTHORIZED BUSINESS DEALINGS | IGI ROOM | 07-14-06 | 0900 HRS |

CIRCUMSTANCES:

1  On July 14, 2006, the Institution Gang Investigation unit received for review flyers being sent in to various inmates
2  at Pelican Bay State Prison Security Housing Unit from "Margie Ghiz" (Marguerite Ghiz-Gillies), 840 Grant Street,
3  Santa Monica, CA, 90405 of Art Release (Artrelease.org). The flyers announced plans to have an art show called
4  Art Behind Bars, also promoted by California Assemblymember Jackie Goldberg. The art show reception is to
5  take place at the Assemblymember's office August 12, 2006, but then continue until October 12, 2006. Based on
6  the previous activities of Art Release selling art work under the name Art Behind Bars at art shows, it is
7  reasonable to believe that this is the purpose for this art show. Confidential Memorandum dated July 17, 2006
8  reports the activities of Ms. Ghiz-Gillies and others who have joined together to sell artwork for inmates in the
9  Security Housing Unit.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D. HAWKES, CORRECTIONAL COUNSELOR II | 7/26/06 | IGI | 2/W S/S-H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| SERGEANT R. MOORE | 07/26/06 | DATE  N/A | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | F | 7/26/06 | M PENA CCII | ☐ HO  ☒ SHO  ☐ SC  ☐ FC |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) W. Coleman | DATE 7-24 | TIME 1300 1030 | TITLE OF SUPPLEMENT Confidential Disclosure |
|---|---|---|---|---|

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME | BY: (STAFF'S SIGNATURE) W. Coleman | DATE 7-24 | TIME 1300 |
|---|---|---|---|---|---|---|

HEARING:

The issuing officer used simple English and short sentences to ensure the inmate understood what was issued to him as well as the circumstances of the offense.

ART FLYER PHOTOCOPY EVIDENCE
ISSUED ON 8-4-06 at 1200.

W. Coleman
SIGNATURE OF ISSUING OFFICER

X

SEE ATTACHED 115-C FOR HEARING SUMMARY

REFERRED TO  ☐ CLASSIFICATION  ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| CORRECTIONAL LIEUTENANT M. FERGUSON | | 8/4/06 | 0900 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| CAPTAIN G.A. KELLEY | 8-7-06 | C.W. SCAVETTA A.W. | |

| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) W. Coleman | DATE 8-27 | TIME 1139 |
|---|---|---|---|

CDC 115 (7/88)

MORRIS V. HOREL et al, PG. 1 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-63849 | MONTENEGRO | D06-070015 | PBSP | 07-14-06 |

SUPPLEMENTAL ☐  CONTINUATION OF: ☑  115 CIRCUMSTANCES ☐  HEARING ☐  IE REPORT ☐  OTHER ☐ _____

10  The prisoner artists for this show are listed as Robert Amezcua H-11889 (C10-109, Mexican Mafia
11  associate), William Castro C-42238 (D07-117, Mexican Mafia associate), David Delahanty H-98667 (D03-
12  106L, Nazi Low Rider member), Robert Montenegro C-63849 (D07-118, Mexican Mafia associate), Jack L.
13  Morris C-06409 (D07-217, Mexican Mafia associate), Gabriel Ramirez C-70702 (D07-219, Mexican Mafia
14  associate), Gabriel Reyes C-88996 (D07-119, Mexican Mafia associate), Robert Stockton J-80992 (D07-
15  124, not validated – evidence of association with Nazi Low Riders and Aryan Brotherhood), Martin Villa K-
16  65583 (D07-212, Mexican Mafia associate), and Donald White J-74454 (D03-118, Nazi Low Riders
17  member). Montenegro, Morris, Ramirez, Reyes, Stockton, and White were previously issued rule violation
18  reports for their participation with Ghiz-Gillies in selling their artwork (disciplinaries reduced from serious to a
19  CDC 128A). Amezcua was found guilty of a serious rule violation report for his selling of artwork also. This
20  activity is in violation of California Code of Regulations, Title 15, Section 3024 (a), Business Dealings By
21  inmates, which states in part, "Inmates shall not engage actively in a business or profession except as
22  authorized by the institution head or as provided in Section 3104. For the purpose of this section, a business
23  is identified as any revenue generating or profit making activity." Accordingly, inmates may not engage in
24  revenue generating or profit making activities without first obtaining approval from the institution head
25  (Warden). Even eligibility for participation in a handicraft program per Section 3100 requires the inmate to
26  be in Privilege Group A or B [Section 3100 (b)]. All of the stopped incoming mailings were disapproved
27  according to Section 3024 (b), and the material deemed contraband per Section 3006 (c) (6). Notification of
28  the disapproval and the authority for disapproval was provided to the inmates via CDC Form 1819.
29  Additional information is documented in Confidential Memorandum dated July 17, 2006.

This inmate is not EOP or Crisis Bed. Following current guidelines for Mental Health
Assessments, the circumstances of this offense have been carefully evaluated. The Reviewing
supervisor has concluded that a Mental Health Assessment is not required.

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| | | | 7/26/ |
| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | | 7-27 | 13 |

CDC 115-C (5/95)

MORRIS V. HUREL, et al.,
PG. 2 OF 2

OSP 99 25082

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar, er, and address): <br> JACK L. MORRIS, CDCR I.D. No. C-06409 <br> PELICAN BAY STATE PRISON <br> P.O. BOX 7500 <br> CRESCENT CITY, CA. 95531.7500 | FOR COURT USE ONLY |

TELEPHONE NO.: N/A          FAX NO.(Optional): N/A

E-MAIL ADDRESS (Optional): N/A

ATTORNEY FOR (Name): IN PRO PER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
  STREET ADDRESS: 450 H STREET ROOM 209
  MAILING ADDRESS: 450 H STREET ROOM 209
  CITY AND ZIP CODE: CRESCENT CITY, CA. 95531
  BRANCH NAME: DEL NORTE COUNTY SUPERIOR COURT

PLAINTIFF/PETITIONER: JACK L. MORRIS

DEFENDANT/RESPONDENT: ROBERT A. HOREL, WARDEN, et al.,

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER: <br> CVPI-07-1388 |
|---|---|

TO (insert name of party being served): DEFENDANT ROBERT A. HOREL, WARDEN, et al., (see compl. p.1 no.1 ) SPECIFICALLY, DEFENDANT C.M. SCAVETTA

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:

10-24-07   Paul Bocanegra
        (TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify): EXHIBITS IN SUPPORT OF COMPLAINT

(To be completed by recipient):

Date this form is signed:

▶

_____          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] <br> Martin Dean's Essential Forms ™

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JACK L. MORRIS, CDCR I.D. NO. C-66409 PELICAN BAY STATE PRISON P.O. BOX 7500 CRESCENT CITY, CA. 95531-7500 | |

TELEPHONE NO.: N/A          FAX NO.(Optional): N/A

E-MAIL ADDRESS (Optional): N/A

ATTORNEY FOR (Name): IN PRO PER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
STREET ADDRESS: 450 H STREET ROOM 209
MAILING ADDRESS: 450 H STREET ROOM 209
CITY AND ZIP CODE: CRESCENT CITY, CA. 95531
BRANCH NAME: DEL NORTE COUNTY SUPERIOR COURT

PLAINTIFF/PETITIONER: JACK L. MORRIS

DEFENDANT/RESPONDENT: ROBERT A. HOREL, WARDEN, et al.,

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER: CVPI-07-1388 |
|---|---|

TO (insert name of party being served): DEFENDANT ROBERT A. HOREL, WARDEN, et al., (see compl. p. [ no. [ )
SPECIFICALLY, DEFENDANT C.M. SCAVETTA

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:

▶

_____          _____
(TYPE OR PRINT NAME)          (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other (specify): EXHIBITS IN SUPPORT OF COMPLAINT

(To be completed by recipient):

Date this form is signed:

▶

_____          _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]
Martin Dean's Essential Forms ™          NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL          Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT B

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *ROBERT A. HOREL, WARDEN, et al.,*
*(AVISO AL DEMANDADO)* :

**YOU ARE BEING SUED BY PLAINTIFF:** JACK L. MORRIS, C-06409
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *DEL NORTE COUNTY SUPERIOR COURT*<br>*(El nombre y dirección de la corte es):* 450 H STREET, ROOM 209<br>CRESCENT CITY, CA. 95531 | **CASE NUMBER:** CVPI-07-1388<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JACK L. MORRIS, C-06409, PELICAN BAY STATE PRISON, P.O. BOX 7500, CRESCENT CITY, CA. 95531-7500

DATE: 08/20/07    **SANDRA LINDERMAN**
*(Fecha)*    Court Executive Officer -
     Clerk, by _____, Deputy
     *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☑ on behalf of *(specify)* : JACK L. MORRIS
     under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]<br>Martin Dean's Essential Forms ™ | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **J. Morris v. Horel, et al.**

No.:   **CVP1 07-1388**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **November 30, 2007**, I served the attached

## NOTICE OF REMOVAL OF ACTION
## UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Jack L. Morris, C-06409**
**Pelican Bay State Prison**
**P. O. Box 7500**
**Crescent City, CA 95531-7500**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 30, 2007**, at San Francisco, California.

M.M. Argarin

Declarant

Signature

40192115.wpd