EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
SARA UGAZ, State Bar No. 239031
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 703-5716
Fax: (415) 703-5843
Email: Sara.Ugaz@doj.ca.gov

Attorneys for Defendants R. Horel, R. Rice, D. Hawkes, M. Pena, R. Moore, K. McGuyer, C. Scavetta, and G. Kelly

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JACK L. MORRIS,**<br><br>Plaintiff,<br><br>**v.**<br><br>**ROBERT A. HOREL, WARDEN, et al.,**<br><br>Defendants. | CV 07-6060 SI<br><br>**NOTICE OF MOTION AND MOTION THAT THE COURT STAY DISCOVERY UNTIL THE COMPLAINT IS SCREENED UNDER 28 U.S.C. § 1915A** |

TO PLAINTIFF JACK L. MORRIS, IN PRO SE:

PLEASE TAKE NOTICE that Defendants R. Horel, R. Rice, D. Hawkes, M. Pena, R. Moore, K. McGuyer, C. Scavetta, and G. Kelly (Defendants) request that this court stay all discovery propounded against them until the Complaint is screened under 28 U.S.C. § 1915A.

This motion is based on this notice of motion, the supporting memorandum of points and authorities, the Declaration of Sara Ugaz, the proposed order, and the Court's file in this action.

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE CASE

Plaintiff is currently a state inmate incarcerated at Pelican Bay State Prison. On August 20, 2007, Plaintiff filed a civil-rights complaint in Del Norte County Superior Court, in which he claimed that various officials of Pelican Bay State Prison violated his rights. (*See* generally Compl.) On November 30, 2007, Defendants R. Horel, R. Rice, D. Hawkes, M. Pena, R. Moore, K. McGuyer, C. Scavetta, and G. Kelly removed the case to federal court and requested that the Court screen the Complaint under 28 U.S.C. § 1915A. (Docket Nos. 1, 2.) In so doing, the Court may dismiss any and all of Plaintiff's claims.

In the interim, Plaintiff has propounded nine sets of discovery on Defendants. (Decl. Ugaz ¶ 2.) On November 30, 2007, defense counsel asked Plaintiff if he would agree to stay discovery pending the Court's screening of his Complaint. (Decl. Ugaz ¶ 3.) Plaintiff refused to do so. (*Id.*)

Therefore, Defendants respectfully request that the Court stay discovery until it has screened Plaintiff's Complaint because Plaintiff's action may be dismissed in its entirety.

## ARGUMENT

### DISCOVERY SHOULD BE STAYED PENDING THE COURT'S SCREENING OF PLAINTIFF'S COMPLAINT.

Courts may issue protective orders to stay discovery for "good cause." Fed. R. Civ. P. 26(c). Good cause exists when the "burden or expense of the proposed discovery outweighs its likely benefit taking into account the needs of the case . . . and the importance of the proposed discovery in resolving the issues." *Id.* at 26(b)(2).

Here, the Court should stay discovery because the Court may dismiss this entire cause of action or any of Plaintiff's individual claims under 28 U.S.C. § 1915A. Thus, a stay should issue to prevent the undue burden of Defendants having to supplement responses to any previous discovery, or respond to the new discovery served by Plaintiff.

Before seeking a protective order, parties should "confer or attempt to confer . . . in an effort

to resolve the dispute without court action." Fed. R. Civ. P. 26(c). In an attempt to comply with that requirement, defense counsel spoke with Plaintiff on the phone on November 30, 2007 and asked him if he was willing to stipulate to a stay of discovery. (Decl. Ugaz ¶ 3.) Plaintiff refused to do so. (*Id.*)

## CONCLUSION

Because, at this stage, any discovery propounded on Defendants is unduly burdensome, Defendants respectfully requests that the Court stay all discovery, including discovery motions, against them until the Court screens Plaintiff's Complaint. After screening, Defendants request thirty days to respond to any outstanding discovery. Alternatively, if the Court denies this motion, Defendants request thirty days from the date of denial to respond to the discovery.

Dated: December 21, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

SARA UGAZ
Deputy Attorney General
Attorneys for Defendants R. Horel, R. Rice, D. Hawkes, M. Pena, R. Moore, K. McGuyer, C. Scavetta, and G. Kelly

40199897.wpd
SF2007403246

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **J. Morris v. Horel, et al.**

No.: **CV 07-6060 SI**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **December 26, 2007**, I served the attached

**NOTICE OF MOTION AND MOTION THAT THE COURT STAY DISCOVERY UNTIL THE COMPLAINT IS SCREENED UNDER 28 U.S.C. § 1915A**

**DECLARATION OF SARA UGAZ IN SUPPORT OF DEFENDANTS' MOTION THAT THE COURT STAY DISCOVERY UNTIL THE COMPLAINT IS SCREENED UNDER 28 U.S.C. § 1915A**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION THAT THE COURT STAY DISCOVERY UNTIL THE COMPLAINT IS SCREENED UNDER 28 U.S.C. § 1915A**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Jack L. Morris, C-06409**
**Pelican Bay State Prison**
**P. O. Box 7500**
**Crescent City, CA 95531-7500**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **December 26, 2007**, at San Francisco, California.

| M.M. Argarin | M.M. Argarin |
|---|---|
| Declarant | Signature |