UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACK L. MORRIS,

    Plaintiff,

v.

ROBERT HOREL, warden; et al.,

    Defendants.

No. C 07-6060 SI (pr)

**ORDER DISMISSING FEDERAL CLAIMS AND REMANDING TO STATE COURT**

## INTRODUCTION

Jack L. Morris, an inmate at Pelican Bay State Prison, filed this pro se civil action in state court and defendants removed it to federal court under 28 U.S.C. § 1441(b) because a federal question was raised under 42 U.S.C. § 1983. Defendants have filed motions for the court to screen the complaint under 28 U.S.C. § 1915A and to stay discovery until that screening is done. Plaintiff has filed a motion to file an amended state tort action that would delete the federal claims so that he could proceed in both federal and state courts. For the reasons discussed below, the court dismisses the § 1983 claims for failure to state a claim upon which relief may be granted, declines to exercise supplemental jurisdiction over the state law claims remaining, and orders the case remanded to state court so that Morris may litigate his state law claims there.

## BACKGROUND

In his complaint, Morris alleges the following: On July 26, 2006, defendant Hawkes, a correctional counselor at Pelican Bay, issued a CDCR-115 rule violation report to ten different inmates, including Morris, charging them with unauthorized business dealings because someone

on the outside was selling their art work. The CDCR-115 listed the involved inmates and the gang affiliation for each of them. Morris complains that Hawkes negligently disclosed personal and private information about Morris (i.e., that he was classified as an associate of the Mexican Mafia prison gang) on the CDCR-115s that went to the nine other inmates similarly charged – most of whom also were identified as affiliated with the Mexican Mafia prison gang. Morris alleged that Hawkes' negligent disclosure violated various regulations, state statutory and state constitutional provisions and, as relevant here, Morris' rights under the California Constitution, and rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Complaint, p. 3(a). Defendants Moore and Pena reviewed and approved the CDCR-115, also acting negligently and violating the same rights. Complaint, pp. 3(b)-(c). An exhibit to the complaint shows that a disciplinary hearing was held, Morris was found guilty, and discipline imposed was a 30-day credit forfeiture.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted under § 1983. The allegedly negligent disclosure of confidential information does not suggest any violation of any right to due process Morris possessed because there was no deprivation of a liberty interest of

2

1 real substance.[1]  See Sandin v. Conner, 515 U.S. 472 (1995); see id. at 481 (criticizing earlier
2 decisions that focused on the language of the regulations rather than the nature of the interest
3 because they "encouraged prisoners to comb regulations in search of mandatory language on
4 which to base entitlements to various state-conferred privileges"); Squaw Valley Development
5 Co. v. Goldberg, 375 F.3d 936, 948 (9th Cir. 2004).

    The allegations also do not implicate any equal protection right.  The allegations and
exhibit indicate that all the inmates involved were treated equally, and all received the allegedly
confidential information about all the other inmates involved.  This is consistent with the Equal
Protection Clause's command " which is essentially a direction that all persons similarly situated
should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).
The disclosure did not violate Morris' right to equal protection.

    The constitutional right usually implicated by the disclosure of confidential information
to other prisoners is the Eighth Amendment's proscription on cruel and unusual punishment
which has been interpreted to provide recourse when prison officials acts with deliberate
indifference to a known risk of harm to an inmate from other inmates.  See Farmer v. Brennan,
511 U.S. 825 (1994).  Even if the dissemination of the information put Morris at some sort of
risk from other inmates, the allegations that defendants acted with negligence in allowing the
information about Morris' gang affiliation to reach other inmates show that there is no Eighth
Amendment claim here.  Neither negligence nor gross negligence amounts to deliberate
indifference.  See Farmer, 511 U.S. at 835-36 & n.4; see also Estelle v. Gamble, 429 U.S. 97,
106 (1976) (establishing that deliberate indifference requires more than negligence).  The court
will not liberally construe the complaint to include an Eighth Amendment claim: not only was
an Eighth Amendment claim not pled, there isn't one to be had under the facts alleged.

    The § 1983 claims are dismissed.  Leave to amend to try to allege a federal constitutional
claim will not be granted because it would be futile.  The events that allegedly occurred simply

---

[1] The complaint does not challenge the discipline imposed on the CDCR-115 but only the disclosure of the allegedly confidential information on the CDCR-115 that was given to the inmates involved.

3

do not amount to a violation of a federal constitutional right.

With the dismissal of the § 1983 claims, there remains for adjudication several state law claims pled in the complaint. The court declines to exercise supplemental jurisdiction over the state law claims now that the federal question claims have been dismissed. See 28 U.S.C. § 1367(c)(3). Morris ought to be allowed to litigate his state law claims in state court where he first asserted those claims. The case therefore will be remanded to state court. See Swett v. Schenk, 792 F.2d 1447, 1450 (9th Cir. 1986) ("it is within the district court's discretion, once the basis for removal jurisdiction is dropped, whether to hear the rest of the action or remand it to the state court from which it was removed"); Plute v. Roadway Package System, Inc., 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) (court may remand sua sponte or on motion of a party).

## CONCLUSION

Defendants' motion for an initial screening is GRANTED. (Docket # 2.) This order is the initial screening order. The claims asserted under 42 U.S.C. § 1983 are dismissed without leave to amend. With the dismissal of the § 1983 claims, only state law claims remain, and the court declines to exercise supplemental jurisdiction over them.

Defendants' motion to stay discovery and plaintiff's motion to file an amended state tort action are DENIED as moot in light of the result of the dismissal of the § 1983 claim and the remand to state court. (Docket # 5, # 8.)

The action is remanded to the Del Norte County Superior Court for such other and further proceedings as that court deems proper. The clerk shall close the file and send the necessary materials to the Del Norte County Superior Court for the remand.

IT IS SO ORDERED.

Dated: March 12, 2008

_____
SUSAN ILLSTON
United States District Judge

4